IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAISY AGUAYO CUEVAS, ET AL.,<br><br>    Plaintiff,<br><br>    v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL.,<br><br>    Defendant. | CIVIL NO. 11-1907 (FAB/CVR) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Plaintiffs Daisy Aguayo-Cuevas, on her own and on behalf of her four minor children, identified as EATA, TMTA, JMTA and AJTA, (hereafter "plaintiffs Aguayo-Cuevas"), Marisol Cason (hereafter "plaintiff Cason") and Patricia Benevides (hereafter "plaintiff Benevides"), filed their claim against defendants based on diversity jurisdiction for plaintiffs being, at the time of filing, residents of San Antonio, Texas, and defendants citizens of Puerto Rico.[1] (Docket No. 1).

Plaintiffs Aguayo-Cuevas are the widow and minor children of deceased Edwin Torres-López (hereafter "Torres-López") who died at age thirty-three on September 20, 2010, due to an electric discharge while performing his job duties in Puerto Rico. The Aguayo-Cuevas' plaintiffs are claiming their own pain and suffering, as well as the damages and suffering of the deceased Torres-López who succumbed to his injuries after being transported to the hospital for treatment. Plaintiffs Cason and Benevides are the sisters of

---

[1] Defendants are the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Telephone Company ("PRTC"), and insurance company Ace Insurance Company and X Insurance Companies.

Torres-López and, according to the Complaint, are claiming their own pain and mental suffering by being deprived of the company of their brother due to his untimely death.

## ANALYSIS

### I. Voluntary Dismissal - Plaintiffs Aguayo-Cuevas.

Co-defendant PREPA filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and (b)(7) stating the claims filed by the Aguayo-Cuevas plaintiffs for the wrongful death of Torres-López alleged their domicile was in San Antonio, Texas, but omitted one child of the decedent from another relationship who is an indispensable party and as to whom diversity jurisdiction is absent.[2] (Docket No. 16).

Afterwards the Aguayo-Cuevas plaintiffs filed a request for voluntary dismissal, without prejudice, for they no longer are residing in Texas, having their domicile in Puerto Rico. The Aguayo-Cuevas plaintiffs reiterated their position by notifying the Court on January 9, 2012, that partial judgment dismissing the complaint under Fed.R.Civ.P. 41(a)(2) should be entered as to them for they have relocated to the district of Puerto Rico without intent to return to Texas. These plaintiffs will continue their claims in the Puerto Rico's state courts, together with the one remaining child of the decedent EATM, who was already awarded workmen's compensation benefits in the district from Torres-López. Plaintiffs' motion also stated there was no dispute that co-plaintiffs Cason and Benevides were domiciled in Texas and retained their right to file under diversity jurisdiction. (Docket No. 50).

---

[2] Defendant PREPA's request for dismissal argued, without more, the parties failed to include the non-diverse minor child to manipulate diversity.

Co-plaintiffs Cason and Benevides then filed a reply to defendant PREPA's motion to dismiss stating there was no dispute as to Cason's and Benevides being domiciled in Texas and their right to file under diversity jurisdiction.

Federal jurisdiction based on diversity of citizenship requires that the matter in controversy be between citizens of different states. Title 28, United States Code, Section 1332(a)(1). A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* Sec. 3612 (2d ed. 1984). Domicile is determined as of the time the suit is filed. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 9, 10 (1st Cir. 1991) (where a party changes domicile, domicile at the time suit is filed is the test and jurisdiction once established is not lost by a subsequent change in citizenship).

Insofar as the Aguayo-Cuevas plaintiffs, their request for voluntary dismissal would result in defendant PREPA's averments both as to lack of diversity and failure to include indispensable party to become moot. PREPA's submission as to lack of an indispensable party in this federal forum has become moot since all the heirs and participants of the estate of Torres-López will now appear in state court. These heirs will no longer be parties to this federal lawsuit, for which any concern as to lack of an indispensable party to be joined in the wrongful death of the heirs of the estate of Torres-López, as enunciated in Cruz-Gascot

v. HIMA-San Pablo Hospital Bayamon, 728 F.Supp2d 14 (D. Puerto Rico 2010), is not present.[3]

In view of the foregoing, it is thus recommended to the Court to approve the voluntary dismissal, without prejudice, of plaintiffs Daisy Aguayo-Cuevas and her four minor children EATA, TMTA, JMTA and AJTA. (Docket No. 50).

As a result thereof, it is also recommended that the initial motion to dismiss filed by defendant PREPA under arguments of lack of diversity of the Aguayo-Cuevas plaintiffs, as well as lack of an indispensable party of another minor child of the decedent, be DENIED AS MOOT. (Docket No. 16).

Thus, upon the Court's approval of the voluntary dismissal without prejudice of plaintiffs Aguayo-Cuevas and her four minor children (EATA, TMTA, JMTA and AJTA), the federal claim will remain solely as to diverse plaintiffs Cason and Benevides.

## II. Dismissal/Abstention under Colorado-River.[4]

In turn, upon the filing of subsequent replies and sur-replies to the original motion to dismiss filed by PREPA, without the Court still having ruled on the requested voluntary dismissal, defendant PREPA presented in a reply to a response that new matters and the change of the scenery of the voluntary dismissal of the Aguayo-Cuevas' claims –to which PREPA was not objecting– required submissions of new arguments. PREPA averred the

---

[3] Co-plaintiffs Cason and Benevides, being the adult sisters of Torres-López, are claiming their own pain and suffering, that is, their own personal actions, and are not considered to be heirs of the estate, for which they are not indispensable parties as argued in Cruz-Gascot, 728 F.Supp2d at 14.

[4] Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 96 S.Ct. 1236 (1976) (addressing situations in which there are parallel state and federal proceedings and considerations of wise judicial administration counsel against duplicative lawsuits).

remaining plaintiffs Cason and Benevides should be required, regardless of their undisputed diversity status, to file their claims also in state court moving this federal court to abstain from entertaining their complaint pursuant to the Colorado-River doctrine. (Docket No. 71).[5]

Plaintiffs then filed their Sur-reply to Defendant PREPA's Reply and Plaintiffs' Opposition to Defendant PREPA's Motion to Stay or Dismiss Proceedings. (Docket No. 79). Co-plaintiffs Cason and Benevides also individually filed their Sur-reply to Reply of Defendant PREPA and Opposition to Defendant PREPA's Motion to Stay or Dismiss the Proceedings for abstention as requested was mostly concerned with the parallel state court action regarding Torres-López, without consideration of the federal court jurisdiction over the case as to the cause of action by co-plaintiffs Cason and Benevides. (Docket No. 80).

Finally, PREPA submitted a Response to Plaintiffs Cason's and Benevides' filing, even though the latter was merely an Informative Motion Concerning the state court case. (Docket Nos. 89 and 101). Defendant PREPA submitted therein the Court should follow the analysis of the Court of Appeals of the First Circuit in Jiménez v. Rodríguez-Pagán[6] which considered abstention proper in applying Colorado-River.

Nevertheless, the Court of Appeals for the First Circuit most recent ruling in Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109 (1st Cir. 2012), which reversed the district

---

[5] This request for abstention under Colorado-River should have been properly re-filed as a separate motion, not a response, upon the Court's determination to dismiss the claims of Aguayo-Cuevas plaintiffs, without prejudice, since the CM/ECF Docket System did not acknowledge there was a dispositive issue raised or motion pending for PREPA.

[6] 597 F.3d 18 (1st Cir. 2010) (the pendency of a similar action in state court may merit federal abstention based on considerations of wise judicial administration that counsel against duplicative lawsuits).

court's decision to abstain, indicated examination under Colorado-River so as to avoid piecemeal litigation, considers the progress of litigation in federal and state court and source of law and jurisdiction assumed over a *res* held no weight in determining abstention for federal courts have the duty and the obligation to exercise lawful jurisdiction and that abstention under Colorado-River required exceptional circumstances. It warned the doctrine of Colorado-River is to be used sparingly and approached with great caution. Nazario-Lugo, 670 F.3d at 115; *see* Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7 (1st Cir. 1990) (district court erred in using good cause rather than exceptional circumstances standard in declining to exercise its jurisdiction over diversity action under Colorado River). Since there is a heavy presumption favoring the exercise of jurisdiction, the court's discretion to decline jurisdiction must carefully consider both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise. Villa Marina, 915 F.2d at 12.

Succinctly, in its reply to plaintiffs' response, PREPA seeks for this court to abstain from entertaining the claims of plaintiffs Cason and Benevides (sisters of Torres-López), for if the claims of the remaining plaintiffs Aguayo-Cuevas are dismissed, the procedural landscape in this case would totally change. However, the total change referred is that PREPA would be required to prompt other allegations in response to Cason and Benevides' position which will duplicate this litigation in federal court and could fragment any adjudication. (Docket No. 71, p. 3).[7]

---

[7] PREPA acknowledged this claim is outside the purview of a reply and should be construed as a separate motion, but still failed to file one as such. (Docket No. 71, p. 3).

Defendant PREPA submits that under Jiménez v. Rodríguez-Pagán, *supra*, the pendency of a similar action in state court may merit federal abstention based on considerations of wise judicial administration that counsels against duplicative lawsuits. Although PREPA further mentions potential implication as to proceedings in federal court without the non-diverse heirs, upon dismissal of the Aguayo-Cuevas plaintiffs, such factor is no longer present once the Court agrees to the voluntary dismissal, without prejudice.

Similarly, PREPA's concern as to failure to include as indispensable party one of the non-diverse minor children of Torres-López in this lawsuit will not be present either because the non-diverse and non-heirs of the decedent, plaintiffs Cason and Benevides, will be entitled to re-file their own claims in this federal forum. Once the Court has dismissed without prejudice the federal claims as to the Aguayo-Cuevas plaintiffs, these two factual scenarios are no longer applicable to support PREPA's abstention request.

Other factors submitted by PREPA to justify abstention are the desirability of avoiding piecemeal litigation and the adequacy of the state forum to protect the parties' interest. To examine these factors, the Court would still have to initially apply the two-part test. It must first determine whether the actions in state and federal forums are parallel, that is, if these involved the same parties and substantially identical claims. Second, it must consider and balance the number of factors to determine if the case meets exceptional circumstances that will justify abstention.

Plaintiffs' sur-reply to stay and/or dismiss puts emphasis on the fact that, in seeking abstention as to co-plaintiffs Cason and Benevides, PREPA totally failed to consider the first step of the two-set analysis it has claimed, to wit, whether the state and federal cases are

parallel, that is, they involve the same parties and substantially identical claims, raising nearly identical allegations.[8] *See* Eric C. Surette, J.D. , *When are Proceedings Parallel so as to Permit Federal Court Abstention under Colorado River Water Conservation Dist. v. U.S.*, 176 ALR Fed. 517 (ed. 2002).

PREPA requests the dismissal and/or stay of the claims of non-heirs sisters Cason and Benevides so they can join the other plaintiffs in the state case. However, the factors in the particular case as to plaintiffs Cason and Benevides should consider these individuals as different parties than the ones who are now present and will be elucidated in state court. Although all plaintiffs are relatives of Torres-López, plaintiffs Cason and Benevides are not heirs of the deceased and have no claim to the estate. Thus, all that has to be resolved at the federal level is their own personal claims for pain and suffering once negligence of defendants is established in their wrongful death complaint.

Similarly, the parties in this federal lawsuit have already appeared and filed their respective answers and initial pleadings, while it is reasonable to assume the state lawsuit which involves four minor sons – the Aguayo-Cuevas plaintiffs and another minor of a separate relationship of the deceased – has just started. The presence of several minors as to which the state court will need to exercise special caution to protect their interests could significantly delay proceedings, contrary to the federal claims of the two adult diverse plaintiffs Cason and Benevides which will be procedurally moving forward. In fact, the

---

[8] PREPA also submitted an informative motion stating that, regardless of plaintiffs' assertions of a mythical case not yet filed in state court by the Aguayo-Torres plaintiffs, other plaintiffs who had initiated their actions in the Puerto Rico First Instance Court, San Juan Part, had been transferred to Humacao Part with a re-designed case number HSCI201101293. Such state case relates to the minor child of decedent Torres-López with Damarilis Martínez Rivera, as well as one sister and the parents of the deceased. (Docket No. 85).

request for abstention filed by PREPA at Docket No. 71 is premised mostly on the benefit of the five minors to have their case be jointly held in state court. This convenience does not apply to the two remaining adult co-plaintiffs Cason and Benevides who, as diverse citizens, would still be entitled to have their claims in federal court, which PREPA summarized as beneficial to said parties Cason and Benevides just for having an alternative appropriate forum to process their claims at state level.

Evidently it is proper to recover for emotional injuries as a result of two proceedings, for example, one by a victim and one by the father, for they have separate causes of actions based on different theories of recovery for even unlike risk of inconsistent obligations and/or risk of inconsistent adjudications or results, do not necessitate joinder of all parties into one action. *See* Delgado v. Plaza Las Americas, Inc., 139 F.3d 191st Cir. 1998). Puerto Rico tort law allows relatives of a victim in unlawful death case to recover for their own damages. *See* Robles-Vázquez v. Tirado García, 110 F.3d 204 (1st Cir. 1997) (*citing* Hernandez v. Fournier, 80 P.R.R. 93, 96-104 (1957); Caez v. U.S. Casualty Co., 80 P.R.R. 729, 734-36 (1958)). Thus, diverse plaintiffs Cason and Benevides will be able to recover in their federal case without affecting the remaining plaintiffs' right to recovery at state level.

Moreover, the cases at state or federal level are not parallel for the claim of the adult plaintiffs Cason and Benevides for their own pain and suffering cannot equate being the same claims as each individual plaintiffs' pain and suffering in a vacuum solely because they stemmed from the same cause, the demise of a loved one.

PREPA still argues that for abstention to be considered, the suits need not be identical to be parallel, citing to other circuits court decisions, and neither is required a mechanistic checklist but a holistic approach to reach the decision to abstain. (Docket No. 101). As to the eight factors PREPA submits that Jiménez v. Rodríguez-Pagán requires, it acknowledges some are neutral as applicable to this case, while others may strongly favor abstention. PREPA agrees the instant case of Cason and Benevides does not entail jurisdiction over a *res* and such factor is inapplicable. The geographical inconvenience to the parties is also neutral for both cases federal and state will be held within the district of Puerto Rico. Insofar as the fourth factor, since both state and federal cases were filed by the plaintiffs through the same law firm, PREPA submits it should also be considered neutral. PREPA further submits both federal and state cases are in their early stages of litigation and discovery is but starting. The seventh and eighth factors, the vexatious nature of the federal claim and the need to respect the principles of removal jurisdiction are not applicable, thus PREPA submits these factors should also be a neutral factor regarding abstention considerations.[9]

As such, PREPA argues only the third, fifth and sixth factors, to wit, the desirability of avoiding piecemeal litigation, whether state or federal law controls and the adequacy of the state forum to protect the parties' interest, are the factors that remain.

---

[9] The Supreme Court has recognized at least four categories within the doctrine of abstention; where federal constitutional issue might be mooted by a state court's determination of state law; difficult questions of state law with public policy issues at stake that transcend the result of the case at issue; federal court action that would restrain a state criminal proceeding and based on wise judicial administration, with regard to conservation of judicial resources and comprehensive disposition of litigation. Colorado River, 424 U.S. at 814-818, 96 S.Ct. at 1244-1247.

On the issue of state or federal law being controlling, both in tort and in diversity jurisdiction, the law to be applied is the Puerto Rico Civil Code on damages. Federal courts are just as well suited to consider state law and state court is clearly suited to interpret its own laws. Federal courts sitting in diversity have precisely the task to apply the substantive state law of any given state law question, which is mainly achieved by examining and considering the state highest court decisions or if not available, consider other sources to predict the path state law would follow. *See* Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51-52 (1st Cir. 2008). Thus, this Magistrate Judge considers whether federal/state law controls to be also a neutral factor regarding abstention in the present case.

PREPA wants to support a stay or a dismissal on the argument of piecemeal litigation under the covenant of attempting to avoid duplicative litigation and fragmentation by having the two diverse remaining plaintiffs Cason and Benevides hindered from having their federal action and instead litigate in state court.[10] Thus, PREPA seeks to have the remaining non-diverse plaintiffs and the diverse co-plaintiffs Cason and Benevides litigate their lawsuit, which derives from the same set of facts, the demise of Torres-López, in state court, together with the presumptive heirs of the decedent and other claims by relatives. PREPA considers that, without finding this situation exceptional for the Court to decline jurisdiction and thus denying federal abstention, the federal plaintiffs Cason and

---

[10] In determining whether desirability of avoiding piecemeal litigation weighs in favor of abstention because of pendency of state action arising out of the same transaction, mere fact that issue of liability will arise in both suits and that proof may be overlapping is not necessarily significant unless that fact has potential for unfairness or harm. González v. Cruz, 926 F.2d 1 (1st Cir. 1991).

Benevides would benefit disproportionately in detriment of the heirs who are living in Puerto Rico and are thus obliged to have their claims in state court. Such detriment is construed from PREPA and other defendants' alleged insurance coverage. PREPA submits as supporting grounds that the presence of several insurance companies may result in their potential disbursements of policy proceeds without regard to responsibility. This potential result argument should not pass muster, much more so when PREPA has already acknowledged the same law firm represents all the plaintiffs. Neither is this Court's experience that settlement negotiations are affected when both state and federal parties are involved, even when minors are present and the state Attorney General is required to protect the interest of minors or consider a legal guardian appointment.[11]

The decision to dismiss or stay proceedings because of parallel litigation is necessarily left to the discretion of the district court, yet the exercise of such a discretion is greatly constrained by the exceptional circumstances test. KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003).

Thus, this Magistrate Judge recommends that, in the absence of the above discussed factors or the issue being of an exceptional nature that will warrant abstention, co-plaintiffs Cason's and Benevides diversity action should not be dismissed.

Finally, regardless of PREPA's request for dismissal of plaintiffs Cason's and Benevides's diversity claim, it makes an alternative request, namely, a stay of the federal

---

[11] The mere possibility of inconsistent results are also held insufficient to justify abstention under Younger. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971); Río Grande Community Health Center, Inc. v. Rullán, 397 F.3d 56 (1st Cir. 2005) (circumstances permitting abstention under Colorado River for reasons of wise judicial administration are quite limited and exceptional).

case. *See* Dunn v. Cometa, 228 F.3d 38 (1st Cir. 2001) (noting abstention under Burford[12] would not allow dismissal but rather a stay when it deals with money damages in a common law tort); Jiménez v. Rodríguez-Pagán, (stay warranted under Colorado River abstention).[13] A stay of this federal action will be expected to become extended and protracted upon dealing with s state lawsuit that involves the interest of several minors.[14] Neither are we dealing in the present case as to plaintiffs Cason and Benevides with a stay that aims to allow the state judiciary to establish a coherent policy with respect to matters of substantial public concern. Chico Service Station, Inc. v. Sol Puerto Rico, Inc., 633 F.3d 20 (1st Cir. 2011).

As such, the same analysis above presented as to dismissal should be made extensive to a request to stay and is herein incorporated as to PREPA's alternative request that Cason's and Benevides' diversity jurisdiction complaint be stayed.

## CONCLUSION

Having examined all the relevant factors,[15] the parties' contention and further considering that abstention is subject to the discretion of the Court upon examination of the

---

[12] Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098 (1943).

[13] In this Circuit, Colorado River abstention has historically resulted in a stay, *see, e.g.* Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50 (1st Cir. 2006); Currie v. Group Ins. Com'n, 290 F.3d 1 (1st Cir. 2002); Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d 475 (1st Cir. 1985). Jiménez v. Rodríguez-Pagán, 597 F.3d at 32.

[14] *See* Rojas-Hernández v. Puerto Rico Elec. Power Authority, 925 F.2d 492, 495 (1st Cir. 1991) which also considered, among others, that a stay would subject the federal pending case to significant and indefinite delay tied to issues arising in the state proceedings.

[15] *See* Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 103 S.C. 927 (1983) (decision to dismiss federal action because of parallel state court litigation does not rest on mechanical checklist, but on careful balancing of important factors as they apply in a given case, with balance heavily weighted in favor of exercise of jurisdiction).

particulars of the case, this Magistrate Judge recommends PREPA's request for dismissal and/or stay the causes of action of plaintiffs Cason and Benevides under Colorado River abstention be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, on this 2nd day of May of 2012.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE