IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAISY AGUAYO-CUEVAS, *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, *et al.*,<br><br>**Defendants**. | **CIVIL NO.** 11-1907 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or

Civil No. 11-1907 (FAB)                                                 2

recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1); <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985); <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. <u>See</u> <u>Hernandez-Mejias v. General Elec.</u>, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing <u>Lacedra v. Donald W. Wyatt Detention Facility</u>, 334 F. Supp. 2d 114, 125-126 (D.R.I. 2004)).

On May 2, 2012, the United States magistrate judge issued a Report and Recommendation ("R&R") (Docket No. 121), recommending that defendant PREPA's request to stay or dismiss this case based on the <u>Colorado River</u> doctrine and its motion to dismiss because of the lack of indispensable party, who would destroy diversity (Docket Nos. 71 & 16), be **DENIED,** and that the Aguayo plaintiffs' motion to dismiss their causes of action voluntarily (Docket No. 50) be **GRANTED.** On May 16, 2012, defendant PREPA filed its objection to the R&R. (Docket No. 122.) The Aguayo plaintiffs responded to defendant PREPA's motion to dismiss by voluntarily dismissing their causes of action. (Docket No. 50.) Plaintiffs Benavides and Cason opposed PREPA's motion solely by indicating that their interests would not be impaired because of the fifth

Civil No. 11-1907 (FAB)                                                    3

minor child's indispensability as a plaintiff. Under Puerto Rico "sucesion" law, that is not a valid nor a sufficient argument.[1]

On November 11, 2011, Defendant PREPA filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. (Docket No. 16.) Defendant PREPA argues that a survivorship claim under articles 1802 and 1803 of the Civil Code of Puerto Rico (Laws of P.R. Ann. tit. 31 §5141,5142), require all heirs of an estate to be joined. Id. at p. 2. Defendant further argues that plaintiffs intentionally omitted one of the decedent's minor children, and heir to his estate, to manipulate the Court's subject matter jurisdiction. Id. at p. 7-19. Finally, defendant contends that the minor child, who is an heir of the estate, is an indispensable party, but because the minor is domiciled in Puerto Rico, joinder would destroy diversity jurisdiction. Id.

---

[1] Mr. Fullmer should become familiar with Puerto Rico law, as set forth in the Civil Code, and apply for regular admission to this Court, or any future requests to be admitted *pro hac vice* may be denied. See Mateo v. Empire Gas Co., 841 F. Supp. 2d 574, 583 (D.P.R. 2012)(Casellas, J.) ("Whereas delving into the annals of civil-law ordinarily poses no complication for members of the Puerto Rico bar--as the vast majority of them speak Spanish and are well-versed in the civilian tradition, for out-of-state attorneys trained in the common-law that understand little or no Spanish, and who are members neither of the federal nor local Puerto Rico bars, things could be more onerous.") (denying Mr. Fullmer's application to be admitted *pro hac vice*).

Civil No. 11-1907 (FAB)                                                     4

This Court has previously held that "all heirs of a 'sucesion' must be named as parties to a federal suit based on diversity jurisdiction." Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F. Supp. 2d 14, 26 (D.P.R. 2008)(Besosa, J.). When a survivorship claim arising under article 1802 does not include all heirs of the estate, dismissal is warranted. See Cruz-Gascot, 728 F. Supp. 2d at 19-31 (holding that plaintiff's strategic dismissal of non-diverse parties, who were heirs to a survivorship claim under article 1802, destroyed the federal court's original subject matter jurisdiction). In this case, plaintiffs Daisy Aguayo, on her own behalf, and on behalf of her four minor children, identified as EATA, TMTA, JMTA and AJTA, (collectively the "Aguayo plaintiffs") bring a survivorship action under articles 1802 and 1803. (Docket No. 1.) The Aguayo plaintiffs in this case are the wife and four minor children of the decedent Edwin Torres-Lopez and claimed citizenship in the state of Texas at the time the complaint was filed. All defendants are citizens of Puerto Rico. By filing the complaint that was filed in the Commonwealth court by the mother of decedent's fifth minor child on her own behalf and on behalf of the fifth minor child, defendant PREPA has demonstrated that the decedent's fifth minor child exists and is domiciled in Puerto Rico. (Docket No. 85.) The minor child was not joined as a party in this complaint. (Docket No. 1.) Because "a 'sucesion' is not an entity distinct and separate from the persons composing it" and

"does not have existence by itself as a juridical person or entity," all heirs to the estate must be joined as parties to the lawsuit. Id. at 19. "Jurisdiction in this case is grounded in diversity of citizenship, and the absence of a non-diverse, indispensable party is not a mere procedural defect. Rather, it destroys the district court's original subject matter jurisdiction." Cruz-Gascot, 728 F. Supp. 2d at 31. Pursuant to Fed.R.Civ.P. 19, the Court finds that the fifth minor child is a necessary and indispensable party to this case because he is a member of decedent Torres-Lopez's "sucesion." See id. at 26-31. Including him as a plaintiff will destroy diversity jurisdiction.

The Court has made an independent examination of the entire record in this case, including PREPA's objections, and **REJECTS** the magistrate judge's findings and recommendations. Defendant PREPA's motion to dismiss, (Docket No. 16), is **GRANTED**. Accordingly, the Court **DISMISSES** all plaintiffs' claims, including those of plaintiffs Benavides and Cason, without prejudice, for lack of subject matter jurisdiction.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 28, 2012.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE